IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA f/u/b/o <br> KELLER NORTH AMERICA, INC. <br> 7550 Teague Road, Suite 300 <br> Hanover, Maryland 21076, <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE CO. <br> 175 Berkeley Street <br> Boston, Massachusetts 02116, <br><br> SERVE:  Kathleen A. Birrane, <br>         Md. Insurance Administration <br>         200 St. Paul Place, Suite 2700 <br>         Baltimore, MD 21202 <br><br> and <br><br> JOHN C. GRIMBERG COMPANY, INC. <br> 3200 Tower Oaks Blvd., Suite 300 <br> Rockville, Maryland 20852, <br><br> SERVE:  The Corporation Trust, Inc. <br>         2405 York Road, Suite 201 <br>         Lutherville, MD 21093, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * CIVIL NO.: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, United States of America f/u/b/o Keller North America, Inc. ("KNA"), by its undersigned counsel, sues Defendants Liberty Mutual Insurance Company ("LIMU") and John C. Grimberg Company, Inc. ("Grimberg"), and for its claims and causes of action, says:

## Jurisdiction

1. KNA is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Anne Arundel County, Maryland.

2. Upon information and belief, Defendant, LIMU, is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts. LIMU is a commercial surety company that issues, among other things, payment and performance bonds on private and public construction projects in the State of Maryland.

3. Upon information and belief, Grimberg, is a limited liability corporation organized and existing under the laws of the State of Maryland with its principal place of business in Montgomery County, Maryland

4. This Court has jurisdiction over KNA's claims against LIMU pursuant to the provisions of the Federal Miller Act, 40 U.S.C. § 3133, as the bond upon which this Complaint is based was issued pursuant to the provisions of the Federal Miller Act, 40 U.S.C. § 3131.

5. This Court has supplemental jurisdiction over KNA's claims against Grimberg pursuant to 28 U.S.C. § 1367(a) because KNA's claims against Grimberg are so related to KNA's Miller Act claim against LIMU that they form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is appropriate in this Court pursuant to the forum selection clause in the Grimberg-KNA Subcontract (Ex. B hereto), which requires disputes arising thereunder to be resolved in the "Courts of Maryland."

## Background Facts

7.     Upon information and belief, Grimberg, as general contractor, executed a construction contract (Contract No.: W912DR22C0036) (the "Prime Contract"), with the United States of America (the "Owner" or the "Government"), to perform construction and related work at the Battalion Ops Facility (BOF1) – Humphreys Engineering Center at Ft. Belvoir, Alexandria, VA 22315 (the "Project").

8.     As a condition of the aforesaid Prime Contract, in accordance with the requirements of the Miller Act, 40 U.S.C. § 3131, *et seq*., and to secure the faithful performance of the same, Grimberg, as principal, executed and delivered to the Government a payment bond (Bond No.: 017172051) (the "Bond") with LIMU, as surety.  A copy of the Bond is attached hereto and is incorporated by reference herein as **Exhibit "A"**.

9.     On or about March 6, 2023, in anticipation of its performance of the Prime Contract, Grimberg and KNA executed a subcontract agreement (the "Subcontract") pursuant to which KNA agreed to install rigid inclusions[1] on the Project, as is more fully and particularly described therein, for the base Subcontract price of Four Hundred Nineteen Thousand Dollars and No Cents ($419,000.00).  A

---

[1] Rigid inclusions (RIs) are high modulus/controlled stiffness grout columns typically installed through weak, highly compressible soils to reduce settlement and increase bearing capacity.  *See* https://www.keller-na.com/expertise/techniques/rigid-inclusions.

copy of the Subcontract is attached hereto and is incorporated by reference herein as **Exhibit "B"**.

10. During the course KNA's work on the Project, Grimberg directed KNA to perform additional work on the Project pursuant to change orders (the "Change Order Work"), the total value of which was Three Hundred Fifty-Four Thousand Two Dollars and No Cents ($354,002.00).

11. KNA performed all of its base Subcontract work as well as the Change Order Work in good faith and in a good and workmanlike manner.

12. As a result, KNA earned and was entitled to be paid the amount of Seven Hundred Seventy-Three Thousand Two Dollars and No Cents ($773,002.00).

13. Nevertheless, KNA was only paid the sum of Four Hundred Twenty-Three Thousand One Hundred Ninety Dollars and No Cents ($423,190.00), and the amount of Three Hundred Forty-Nine Thousand Eight Hundred Twelve Dollars ($349,812.00)[2] remains due and owing to KNA for the labor and materials rendered by KNA to the Project.

14. KNA has demanded payment from Grimberg for the amounts due and owing to it for the Change Order Work it rendered to the Project, however, Grimberg has refused to pay KNA for this work.

### Count I
### (Action on Miller Act Payment Bond—LIMU)

15. KNA adopts and incorporates by reference herein its averments contained in Paragraphs One (1) through Fourteen (14) as stated above.

---

[2] This amount corresponds to the value of Change Orders Nos. 2 & 3, copies of which are attached hereto and incorporated by reference herein as **Exhibit "C"**.

16. Grimberg and LIMU executed and delivered the Bond to the Government for the protection of all persons having a direct contractual relationship with Grimberg for the furnishing labor and/or materials on the Project.

17. As KNA is a subcontractor to Grimberg on the Project, KNA is protected by the Bond.

18. Under the terms of the Bond, the LIMU is liable to KNA for all unpaid monies due and owing to KNA on the Project.

19. To date, the amount of Three Hundred Forty-Nine Thousand Eight Hundred Twelve Dollars ($349,812.00) remains due and owing to KNA for additional labor rendered to the Project and said amounts have been due and owing to KNA for more than 90 days.

20. Pursuant to the provisions of 40 U.S.C. § 3133(b)(1), KNA is entitled to bring a civil action on the Bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.

21. KNA has completed its work on the Project more than 90 days but less than one year prior to the date of the filing of the within complaint. Accordingly, the within action is timely pursuant to the provisions of 40 U.S.C. § 3133(b)(4).

22. All conditions precedent to bringing a claim on the Bond and to recovering under the Bond have been satisfied.

WHEREFORE, Plaintiff, United States of America f/u/b/o Keller North America, Inc., demands judgment against Defendant, Liberty Mutual Insurance

Company, in the total amount of Three Hundred Forty-Nine Thousand Eight Hundred Twelve Dollars ($349,812.00), plus interest and court costs, and for such other and further relief as the Court deems just.

### Count II
(Breach of Contract—Grimberg)

23. KNA adopts and incorporates by reference herein its averments contained in Paragraphs One (1) through Fourteen (14) as stated above.

24. The Subcontract is a valid and enforceable contract agreement pursuant to which KNA agreed to perform the rigid inclusion work specified therein and Grimberg agreed to pay KNA for the performance of that work.

25. The Subcontract also provided that Grimberg may direct KNA to perform extra work or changes and that Grimberg would pay KNA for extra work which it has authorized in writing as an extra or change. *See* Ex. B at Standard Subcontract Terms and Conditions ¶ 12.

26. KNA diligently performed its work on the Project, including the Change Order Work, pursuant to the Subcontract, in good faith.

27. As a result, Grimberg became liable to pay KNA the sum of Seven Hundred Seventy-Three Thousand Two Dollars and No Cents ($773,002.00).

28. Grimberg's failure to remit full payment of this amount to KNA, despite demand therefore, constitutes a material breach of its contractual obligations.

29. KNA has incurred damages in the amount of Three Hundred Forty-Nine Thousand Eight Hundred Twelve Dollars ($349,812.00) as a direct result of Grimberg's material breach of the Subcontract.

WHEREFORE, Plaintiff, Keller North America, Inc., demands judgment against Defendant, John C. Grimberg Company, Inc., in the total amount of Three Hundred Forty-Nine Thousand Eight Hundred Twelve Dollars ($349,812.00), plus interest and court costs, and for such other and further relief as the Court deems just.

Dated: April 26, 2024

/s/ Adam C. Harrison
ADAM C. HARRISON (Fed. Bar No. 09416)
aharrison@harrisonlawgroup.com

/s/ Eli Robbins
ELI ROBBINS (Fed. Bar No. 26001)
erobbins@harrisonlawgroup.com

HARRISON LAW GROUP
40 W. Chesapeake Ave., Suite 600
Towson, Maryland 21204
(410) 832-0000

Counsel for Plaintiff,

UNITED STATES OF AMERICA f/u/b/o
KELLER NORTH AMERICA, INC.